IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VIOLET GOODWIN, et al.[1], ) | |
| ) | 8:05cv351 |
| Plaintiffs, ) | |
| ) | MEMORANDUM AND ORDER |
| vs. ) | |
| ) | |
| ASARCO, ) | |
| ) | |
| Defendant. ) | |

    This matter is before the court on filing no. 1, the Complaint and Motion to Proceed In Forma Pauperis ("IFP") filed by the pro se plaintiff, Violet Goodwin. The motion to proceed IFP must be denied, and the case must be dismissed because the complaint fails to state a claim on which relief may be granted. The plaintiff allegedly suffered "arrested physical development" and "diminished intellectual capacity" as a result of lead poisoning caused by growing up on a "Superfund site." The plaintiff seeks $500 million under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") for the alleged personal injuries.

    By moving for leave to proceed IFP, the plaintiff subjects the complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or

---

[1] The plaintiff purports to bring this action on behalf of herself, her children, and all others similarly situated. However, the plaintiff, as a pro se litigant, may not represent other parties. See, e.g., Fymbo v. State Farm Fire and Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000): "A litigant may bring his own claims to federal court without counsel, but not the claims of others." Accord Allnew v. City of Duluth, 983 F.Supp. 825, 831 (D. Minn. 1997). In addition, a non-attorney parent may not appear pro se on behalf of a minor child. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990). Accord Devine v. Indian River County School Bd., 121 F.3d 576 (11th Cir. 1997), cert. denied, 522 U.S. 1110 (1998); Johns v. County of San Diego, 114 F.3d 874 (9th Cir. 1997); Osei-Afriyie v. Medical College of Pa., 937 F.2d 876 (3d Cir. 1991). "Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children." Wenger v. Canastota Cent. School Dist., 146 F.3d 123, 125 (2d Cir. 1998), cert. denied, 526 U.S. 1025 (1999). Thus, although the plaintiff may represent herself by virtue of 28 U.S.C. § 1654, she may not maintain a pro se action on behalf of her children.

(B) the action or appeal–

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

CERCLA imposes liability on an owner or operator of a facility "from which there is a release, or a threatened release which causes the incurrence of **response costs**, of a hazardous substance." 42 U.S.C. § 9607(a) (emphasis added). The plaintiff has incurred no response costs. There is no private cause of action under CERCLA to recover damages for personal injuries suffered as a result of violations of the statute. See, e.g., Cabana v. Forcier, 148 F. Supp.2d 110, 114 (D. Mass. 2001).

THEREFORE, IT IS ORDERED:

1. That filing no. 1, the plaintiff's Motion to Proceed In Forma Pauperis, is denied, and the plaintiff's complaint and this action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2  That a separate judgment will be entered accordingly.

DATED this 21st day of July, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge